Dear Representative Blackburn
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Does Oklahoma law prohibit a board of county commissioners from employing the child of a county commissioner, when that commissioner serves on the board that oversees the child's department within county government?
¶ 1 Oklahoma law generally prohibits public officials from appointing or employing persons related to them by blood or marriage within the third degree. In light of your question regarding employing the child of a county commissioner this Opinion will analyze the prohibitions and conduct to be prohibited.
 I.
¶ 2 The beginning point for our analysis must be 21 O.S. 2001,§ 481[21-481]. Section 481 states in pertinent part as follows:
 A. It shall be unlawful for any executive, legislative, ministerial or judicial officer to appoint or vote for the appointment of any person related to him by affinity or consanguinity within the third degree, to any clerkship, office, position, employment or duty in any department of the state, district, county, city or municipal government of which such executive, legislative, ministerial or judicial officer is a member, when the salary, wages, pay or compensation of such appointee is to be paid out of the public funds or fees of such office.
Id.
¶ 3 A violation of this provision is a misdemeanor, with punishment ranging from forfeiture of office to a monetary fine from $100.00 to $1,000.00. Section 21 O.S. 2001, § 485[21-485] states as follows:
 Any executive, legislative, ministerial or judicial officer who shall violate any provision of this Article, shall be deemed guilty of a misdemeanor involving official misconduct, and shall be punished by a fine of not less than One Hundred or more than One Thousand Dollars ($1,000.00), and shall forfeit his office.
Id.
 II.
¶ 4 Your question involves a situation where the board of county commissioners oversees a department of county government where a child of an individual commissioner is employed and the child is paid out of public funds. County commissioners are subject to the provisions of 21 O.S. 2001, §§ 481[21-481] through 487, and Oklahoma case law has interpreted the applicability of these statutes.
¶ 5 A plain reading of the statutes indicates that a public officer is prohibited from appointing or voting for the appointment of a relative within the third degree of affinity or consanguinity to the same public agency, and from thereafter exercising control over the position, including fixing qualifications and determining compensation. See Reddell v.State, 170 P. 273, 274 (Okla.Crim. 1918).
¶ 6 Next, an analysis must be done to determine if the relationship is within the prohibited degree. The Oklahoma statutes set out degrees of succession. The applicable standard is found at 84 O.S. 2001, § 220[84-220], which states:
 In the direct line there are as many degrees as there are generations. Thus the son is, with regard to the father, in the first degree; the grandson in the second; and vice versa with regard to the father and grandfather toward the sons and grandsons.
Id.
¶ 7 Thus, a child of one of the members of the board of county commissioners is related within one degree to that county commissioner. Id. The father of the employee is within the prohibition against appointing "any person related to him by affinity or consanguinity within the third degree." 21 O.S.2001, § 481[21-481](A). Next we examine how these statutes must be construed under Oklahoma law.
¶ 8 To answer your question about the board of county commissioners employing a county commissioner's child, an examination of the law relating to wages and the ability to receive subsequent raises is also appropriate. Oklahoma law not only prohibits a commissioner from appointing his or her child, it also prohibits a commissioner from authorizing payment out of any public fund to pay the child, characterizing the child as a person "ineligible" for such payment. Title 21 O.S. 2001, § 482[21-482]
states as follows:
 It shall be unlawful for any such executive, legislative, ministerial or judicial officer mentioned in the preceding section [Section 481], to draw or authorize the drawing of any warrant or authority for the payment out of any public fund, of the salary, wages, pay or compensation of any such ineligible person, and it shall be unlawful for any executive, legislative, ministerial or judicial officer to pay out of any public funds in his custody or under his control the salary, wages, pay or compensation of any such ineligible person.
Id. (emphasis added.)
 III.
¶ 9 Section 481 of Title 21 is a penal statute that imposes a penalty and punishment for an offense of a public nature and because it is also punishable as a misdemeanor it is, therefore, a criminal law as well. "Penal statutes are to be strictly construed and any cause of action based upon such a statute must be clear and without doubt. Likewise, criminal statutes are to be strictly construed and a person cannot be convicted of a crime unless the act which is committed is within both the letter and the spirit of the statute." Quinn v. City of Tulsa,777 P.2d 1331, 1339-40 (Okla. 1989) (footnote omitted).
¶ 10 Given the foregoing rules of statutory construction, we must conclude that the provisions of Section 481 apply only to an official who "appoint[s] or vote[s] for the appointment of any person related to him by affinity or consanguinity within the third degree, to any clerkship, office, position, employment or duty in any department of the state, district, county, city or municipal government of which such executive, legislative, ministerial or judicial officer is a member, when the salary, wages, pay or compensation of such appointee is to be paid out of the public funds or fees of such office." 21 O.S. 2001, § 481[21-481].
Thus, for this statute to apply, a strict construction is required and a county commissioner must have appointed or voted for an ineligible appointment of his or her child for a violation to have occurred.[1]
 IV.
¶ 11 Section 482 of Title 21 Oklahoma Statutes, like Section 481, is also a penal statute that must be strictly construed. Likewise, as a criminal statute it must be strictly construed, and a person cannot be convicted of a crime unless the act that is committed is within both the letter and the spirit of the statute. Quinn, 777 P.2d at 1339-40.
¶ 12 Reddell held that the term "such ineligible person" was to be applied very narrowly, and that it referred back to the person appointed as provided in the earlier statute. Reddell,170 P. at 274. The court stated as follows:
 When the term "such ineligible person" was incorporated in section 2236 [now 21 O.S. 2001, § 482[21-482]], the Legislature, as we view the statute, necessarily referred back to that person unlawfully "appointed" under the provisions of section 2235 [now 21 O.S. 2001, § 481[21-481]]. In other words, the Legislature intended to prevent the filling of offices and subordinate employments by relatives of the person making the appointment within the third degree. That was the practice that had grown to be disreputable prior to the enactment of the statute.
Id.
¶ 13 In 1990 the Attorney General considered whether a county commissioner could promote or vote for a raise for a person related to that county commissioner. A.G. Opin. 90-25. The Opinion did an extensive analysis of Section 481 of Title 21.Id. That Opinion did not find a per se violation of any criminal law for persons related to a county commissioner working for the county and being paid with public funds, instead determining those situations raised questions of fact that could not be addressed in an Opinion of the Attorney General. Id. at 46. The Opinion, however, did give substantial guidance on behavior that was prohibited under the law versus behavior that was not prohibited.
¶ 14 A.G. Opin. 90-25 concluded:
 (1) (a) The provisions of 21 O.S. 1981, §§ 481[21-481], et seq. as amended, prohibit a county commissioner from promoting or voting for the promotion of a person related to that county commissioner within the third degree of affinity or consanguinity where the promotion constitutes a new and distinct relationship between the employer and employee; however, routine or automatic promotions would not violate the Act; whether any given promotion constitutes an "appointment" within the meaning of § 481 is a question of fact which cannot be answered in an official opinion of the Attorney General.
 (b) The provisions of § 481 do not prohibit such a county commissioner from voting to give such a county employee a raise.
. . . .
 (2) the provisions of 21 O.S. 1981, §§ 481, et seq., as amended, are not applicable to situations where blanket raises are given to all county employees on an equal basis; and
 (3) the provisions of 21 O.S. 1981, §§ 481[21-481], et seq., as amended do not carry criminal penalties for a county commissioner who fails to vote for the raise, lateral transfer or promotion of a person related to the commissioner within the third degree of affinity or consanguinity.
Id. at 46.
¶ 15 Based upon the reasoning contained in Reddell and Attorney General Opinion 90-25, the provisions of 21 O.S. 2001,§§ 482-487[21-482-487], do not carry criminal penalties for a county commissioner who does not vote for the raise, lateral transfer or promotion of a person related to that commissioner within the third degree of affinity or consanguinity.
¶ 16 Thus, the child of a county commissioner is an ineligible person for the county commissioner-parent to appoint to a position or employment, but that child is not an ineligible person under Section 481 unless the county commissioner actually appointed or voted for the employment of the child. When the child's appointment was not voted upon by the parent-county commissioner, the child is not an "ineligible person" under the provisions of 21 O.S. 2001, § 482[21-482].
 ¶ 17 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Pursuant to the mandate of 21 O.S. 2001, § 481, the conduct prohibited by a county commissioner is appointing or voting for the employment of any person related to that individual commissioner by affinity or consanguinity within the third degree.
 2. Pursuant to Reddell v. State, 170 P. 273, 274 (Okla.Crim. 1918), whether the child of a county commissioner is "such ineligible person" whom the county commissioner is prohibited from paying a salary under 21 O.S. 2001, § 482, relates back to whether the county commissioner appointed or voted for the appointment of the child under 21 O.S. 2001, § 481[21-481].
 3. Consistent with the reasoning of A.G. Opin. 90-25, the provisions of 21 O.S. 2001, §§ 481through 487, do not apply to situations where blanket raises are given to all county employees on an equal basis; further, Sections 482 through 487 do not carry criminal penalties for a county commissioner who does not vote for the raise or promotion of a person related to that commissioner within the third degree of affinity or consanguinity.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 GLEN D. HAMMONDS Assistant Attorney General
[1] A strong and valid argument can be made that the scenario described in the question ought to be prohibited by State law. While we might agree with that proposition, our inquiry is limited to whether it is in fact prohibited.